IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01259-MSK-PAC

PATRICK WOBST,

     Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation,

     Defendant.

_____

**ORDER** re: Depositions of Treating Providers
_____

**Patricia A. Coan, Magistrate Judge**

This is an insurance case in which plaintiff claims he did not receive extended PIP benefits. Pretrial matters were referred to the undersigned on August 4, 2005.

The matter now before the Court is defendant's Unopposed Motion for Leave to Take Certain Depositions after the Discovery Cut-off, Doc. # 39.  In its motion, and with the agreement of plaintiff's counsel, defendant requests that it be permitted to depose, between the final pretrial conference in November 2006 and the trial in February 2007, any of the 26 treating providers plaintiff may identify as "will call" witnesses in the final pretrial order.

I disagree with counsel and specifically do not find good cause to extend the

discovery deadline as requested.[1]  This case is late in the discovery stage of pretrial preparation and deadlines have previously been extended.  May 15, 2006 is currently the discovery deadline.  See March 15, 2006 Minute Order, Doc. # 36.

The purpose of pretrial scheduling is to complete discovery within a reasonable period of time.  See Rule 16(b)(3), Fed. R. Civ.P.  Discovery should have been completed when the parties begin drafting the final pretrial order; indeed, this court's instructions for preparing the final pretrial order state that "[u]nless otherwise ordered, upon a showing of good cause in an appropriate motion, there will be no discovery after entry of the final pretrial order."  See D.C.Colo.L.Civ.R., Appendix G at 3, §8.  Consequently, so that discovery in this case may be completed in advance of, and not after, the final pretrial conference, plaintiff shall identify those of his treatment providers who will testify at trial so that defendant may depose them within a reasonable period of time, for which the discovery deadline will be extended.  Accordingly, it is hereby

**ORDERED** that defendant's Unopposed Motion for Leave to Take Certain Depositions after the Discovery Cut-off, Doc. # 39, is **denied**.  It is further

**ORDERED** that plaintiff shall identify which of his treating health care providers are to be "will call" witnesses at trial no later than **May 15, 2006**.  The discovery deadline is extended to **June 15, 2006** for the sole purpose of defendant's depositions, if any, of the treators so identified.

Dated:  April 4, 2006.

---

[1] I also note that agreements of counsel do not constitute "good cause."   See MSK Practice Standards-Civil, II.G.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge