IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01259-MSK-PAC

PATRICK WOBST

    Plaintiff(s),

v.

ALLSTATE INSURANCE CO.,

    Defendant(s).

_____

**ORDER PERMITTING AMENDMENT OF ANSWER AND ADDITION OF COUNTERCLAIM AND EXTENDING DEADLINES**
_____

**Patricia A. Coan, Magistrate Judge**

    This is an insurance case. Plaintiff asks the court to reform an insurance contract, and to provide him enhanced PIP benefits, claiming breach of contract and bad faith breach of insurance contract against defendant. On August 4, 2005, this matter was referred to the undersigned for pretrial case management pursuant to 28 U.S.C. §§636(a) and (b). The matter now before the Court is Defendant's Motion for Leave to File Second Amended Answer and Counterclaim, Doc. # 37, filed March 16, 2006. Plaintiff has responded and defendant has replied. Oral argument would not be of material assistance.

I.

    Defendant moves to amend its answer to assert a counterclaim for rescission of insurance contract, and to assert the affirmative defenses of fraudulent

05-cv-01259-MSK-PAC
May 1, 2006

misrepresentation and concealment and failure to establish the existence of a condition precedent to insurance coverage.  See Def. Motion, at 5.  As grounds for the additional defenses and the addition of a counterclaim, defendant relies upon depositions taken in January 2006 as well as defendant's March 6, 2006 receipt of a copy of the lease for the vehicle plaintiff was driving when the motor vehicle accident occurred on August 27, 2002.

The insurance policy at issue belongs to plaintiff's parents.  According to defendant, plaintiff was not insured for the August 27, 2002 accident unless one of his parents was on the lease of the vehicle, a Nissan Altima, that plaintiff was driving when the accident occurred.  During plaintiff's deposition on January 6, 2006, he was asked if a parent was on the lease and replied that he did not know.  See Def. Motion, Ex. D, Patrick Wobst Deposition.  Plaintiff's mother's deposition subsequently was taken in which she testified that neither parent was on the lease for the Altima.  *See id.*, Ex. E, Christine Wobst Deposition.  Defendant received a copy of the lease on March 6, 2006.

Plaintiff objects to amendment, arguing that the motion is untimely and would result in undue delay of these proceedings; that defendant knew of the facts to support the new defenses and counterclaim because it had the claim file; that amendment would be futile because the counterclaim is permissive and should not be allowed under Rule 13(f), Fed. R. Civ.P., that amendment would be futile; and that plaintiff would be unduly prejudiced because an additional dispositive motion would be filed.

05-cv-01259-MSK-PAC
May 1, 2006

## II.

Rule 15, Fed. R.Civ.P. governs a motion to amend a complaint or an answer.[1] Rule 15(a) provides for liberal amendment of pleadings, even after a responsive pleading has been filed.   Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).  Amendment under the rule has been freely granted.  *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). Refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive.  *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182,1185 (10th Cir. 1990).  Untimeliness or undue delay is cause for denying leave to amend without any showing of prejudice to the other party. *See id.* at 1185; *Frank v. U.S. West*, 3 F.3d 1357, 1365  (10th Cir. 1993)(motion to

---

[1]The Rule states:

> Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Rule 15, Fed. R. Civ. P.

05-cv-01259-MSK-PAC
May 1, 2006

amend filed four months after the deadline denied as untimely).  Amendment also may be denied when the movant has known of the facts upon which the amendment is based and fails to include them in earlier pleadings.  *See State Distribs., Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984)(internal citation omitted).

Notwithstanding Rule 15's liberal application, this court has required good cause under Fed. R. Civ. P. Rule 16(b), to amend a complaint after the Scheduling Order's deadline has passed.  *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D 684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the failure to show good cause and defining "good cause" as demonstrating that the scheduling deadlines cannot be met despite a party's diligent efforts.)   As more fully explained in another Magistrate Judge Boland decision:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

Rule 16(b) thus establishes a "more stringent standard, requiring some persuasive reason as to why the amendment could not have been effected within the

05-cv-01259-MSK-PAC
May 1, 2006

time frame established by the court." *Colorado Visionary Academy*, 194 F.R.D at 687 (internal citations omitted). Consequently, where the scheduling order's deadline for amendment has passed, a two step analysis is required. *Pumpco, Inc.*, 204 F.R.D. at 668. If the good cause requirement is met, then the court may consider whether leave to amend should be permitted under Rule 15(a). *Id.*

III.

In this case, the Scheduling Order's deadline to amend pleadings was November 14, 2005. See Scheduling Order, Doc. #16, at 5. The discovery deadline was April 15, 2006. *Id.* The dispositive motions deadline is May 15, 2006. *Id.* Trial is set for February 19, 2007.

Because the scheduling order's deadline for amendment of pleadings has past, defendant must demonstrate good cause to amend. Plaintiff argues that, because defendant had possession of the claims file, it knew or should have known who was on the Altima lease. Plaintiff also points to deposition testimony, see e.g., Def. Motion, Ex. B, Argys Depo. at 89-92, 94-96, showing that defendant had knowledge of "the lease issue"[2] early in this case. Plaintiff did not, however, direct the court to evidence which would demonstrate that defendant had seen the lease or actually had possession of the

---

[2] According to defendant, the Altima which plaintiff was driving was not covered under his parents' policy unless at least one parent was on the lease for the vehicle. See Def. Motion at 2 and Ex. B, Argys Depo. at 91-92.

05-cv-01259-MSK-PAC
May 1, 2006

lease until March 6, 2006.  Accordingly, while there were discussions about coverage and conflicting information given about who was or who should have been on the lease, the evidence demonstrates that defendant did not know that neither of plaintiff's parents was on the Altima lease until the January 2006 deposition testimony of plaintiff's mother was confirmed when defendant received a copy of the lease itself on or about March 6, 2006.  Def. Motion at 4, ¶8 and see Ex. F.  Defendant filed its motion to amend ten days later.  On those facts, I find that defendant acted diligently and has good cause to amend its answer to add defenses and a counterclaim.

I also find that plaintiff is not prejudiced, as he claims, because the trial date is over nine months away, and I will allow an extension of the discovery deadline to explore the issues raised in the amended answer and counterclaim.  I also will extend the dispositive motions deadline so that piecemeal dispositive motions practice may be avoided.[3]

IV.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that Defendant's Motion for Leave to File Second Amended Answer and Counterclaim, Doc. # 37, filed March 16, 2006, is GRANTED.  It is further

**ORDERED** that the tendered Second Amended Answer and Counterclaim is

---

[3] Because I resolve the motion on the *PumpCo* standard, I do not address plaintiff's other arguments, which are more suitable for a dispositive motion.

6

05-cv-01259-MSK-PAC
May 1, 2006

considered filed this date.  It is further

**ORDERED** that plaintiff's answer or other response to the counterclaim is to be filed by **May 12, 2006**.  It is further

**ORDERED** that the discovery deadline is extended to **June 15, 2006** for the issues raised in the amended answer and counterclaim ONLY.  It is further

**ORDERED** that the dispositive motions deadline is extended to **July 15, 2006** for all dispositive motions.

**THERE WILL NOT BE ANY FURTHER EXTENSIONS OF THE ABOVE DEADLINES.**

Dated May 1, 2006.

> By the Court:
> s/Patricia A. Coan
> Patricia A. Coan
> Magistrate Judge